**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NANCY J. PANNEBECKER,            )<br>                                                     )<br>            Plaintiff,                    )<br>                                                     )<br>vs.                                              )<br>                                                     )<br>LIBERTY   LIFE   ASSURANCE)<br>COMPANY  OF  BOSTON, a foreign)<br>corporation,                               )<br>                                                     )<br>            Defendant.                 )<br>                                                     )<br>_____) | No. CV 01-0825-PHX-JAT<br><br>**ORDER** |

Pending before this Court is Plaintiff Nancy J. Pannebecker's Motion for Summary Judgment Regarding Determination of Damages (Doc. # 142). For the reasons that follow, the Court grants in part and denies in part Plaintiff's motion.

## BACKGROUND

Beginning in March 1997, Plaintiff became eligible for long-term disability benefits under Hughes Electronics Corporation's long-term disability plan ("the Plan"). Plaintiff's monthly benefit, after offset for Social Security disability benefits, was $3,868. In 2000, Defendant notified Plaintiff that it was terminating Plaintiff's disability benefits because she was no longer "disabled" under the terms of the Plan. After an unsuccessful administrative appeal, Plaintiff filed a complaint in this Court under 29 U.S.C. § 1132(a)(1). After a bench trial, this Court remanded the matter back to Defendant because, although there was "ample evidence in support of Defendant's conclusion that Plaintiff was able to perform some

unnamed 'sedentary' job," Defendant failed to properly apply the Plan provisions by neglecting to offer any specific sedentary position for which Plaintiff was reasonably fitted by the Plan's stated criteria. This Court ordered Defendant to determine the types of sedentary positions, if any, that Plaintiff was reasonably fitted based upon the Plan's criteria.

Upon remand, and after retaining a vocational consultant in compliance with this Court's directive, Defendant notified Plaintiff on May 3, 2005, that it declined to alter its benefits determination. Plaintiff then moved for judgment under Federal Rules of Civil Procedure 52(c), and Defendant filed a motion for summary judgment. Reviewing de novo, this Court upheld Defendant's denial of benefits. Plaintiff subsequently appealed to the Ninth Circuit Court of Appeals. *Pannebecker v. Liberty Life Assurance Co. Of Boston*, 542 F.3d 1213 (9th Cir. 2008). In September 2008, the Court of Appeals affirmed this Court's finding that Plaintiff is not totally disabled under the terms of the Plan. *Id.* at 1222. However, the Court of Appeals reversed this Court's determination that Plaintiff is not entitled to a retroactive reinstatement of benefits based upon Defendant's initial failure to properly apply the Plan's provisions. *Id.* The Court of Appeals remanded to this Court for entry of an award of benefits from the time of Defendant's improper denial of Plaintiff's benefits until May 3, 2005, when Defendant properly applied the Plan provisions.[1] *Id.* at 1221-22.

## ANALYSIS

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, summary judgment is mandated, "...against a party who fails to make a showing sufficient to establish the existence of an

---

[1] The Court of Appeals also remanded to this Court the consideration of attorneys' fees. *Id.* at 1222. Pursuant to this Court's October 21, 2008 (Doc. # 139) and November 20, 2008 (Doc. # 141) Orders, the matter of attorneys' fees is not at issue until after entry of an amended judgment.

1  element essential to that party's case, and on which that party will bear the burden of proof
2  at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

3      Initially, the movant bears the burden of pointing out to the Court the basis for the
4  motion and the elements of the causes of action upon which the non-movant will be unable
5  to establish a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-
6  movant to establish the existence of material fact. *Id.* The non-movant "must do more than
7  simply show that there is some metaphysical doubt as to the material facts" by "com[ing]
8  forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec.*
9  *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P.
10 56(e)). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury
11 could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.
12 242, 248 (1986). The non-movant's bare assertions, standing alone, are insufficient to create
13 a material issue of fact and defeat a motion for summary judgment. *Id.* at 247-48. However,
14 in the summary judgment context, the Court construes all disputed facts in the light most
15 favorable to the non-moving party. *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir.
16 2004).

17     *Time Period for Reinstatement of Benefits*

18     The first issue before this Court is a determination of the time period of when Plaintiff
19 is entitled to a reinstatement of benefits. Defendant agrees that, based upon the Court of
20 Appeal's mandate, Plaintiff is entitled to a reinstatement of benefits. Nevertheless, Defendant
21 argues that, based upon the language contained in the Court of Appeals' Opinion, Plaintiff
22 is only entitled to a reinstatement of benefits from March 2, 2004 through May 2005.
23 Plaintiff argues that the Court of Appeals stated in its Opinion that she is entitled to benefits
24 from September 30, 2000, to May 5, 2005. The Court agrees with Plaintiff.

25     Defendant premises its argument upon the following statement in the Court of
26 Appeals' Opinion: "As a result of this appeal, however, Pannebecker is entitled to have her
27 benefits reinstated for the short period following the court's initial remand." *Id.* at 1222.
28 Thus, Defendant argues, Plaintiff is only entitled to a reinstatement of benefits for the short

1 period of time following this Court's remand–March 2, 2004–until May 3, 2005, the date
2 Defendant upheld its denial and termination of benefits.  Defendant, however, ignores the
3 context of this statement in the Court of Appeals' Opinion, as well as two definitive
4 statements contained elsewhere in the Opinion.

In the introductory portion of its Opinion, the Court of Appeals states:

> We agree with the district court's determination that Pannebecker is not "disabled" under the Plan because its terms do not require Liberty to consider either salary remuneration or station in life in making a benefits determination. We reverse, however, the court's decision to deny the reinstatement of benefits, and remand with instructions for the court to reinstate Pannebecker's benefits *for the period from Liberty's initial denial in 2000 to its benefits determination in 2005*.

*Id.* at 1215 (emphasis added).  Again, in the analysis portion of its Opinion where the Court of Appeals discusses the reinstatement of benefits, the Court states:

> While Liberty was given a second opportunity to determine whether Pannebecker was "disabled" under the Plan, that second chance should not have left Pannebecker empty-handed during the time that it took Liberty to comply with the Plan's requirements. The district court should have awarded Pannebecker benefits *from the time of Liberty's improper denial in 2000 until the company's decision of May 3, 2005, to decline to alter its benefits determination*.

*Id.* at 1221-22 (emphasis added).

This Court believes the Court of Appeal's directive is clear: Plaintiff is entitled to a reinstatement of benefits from the time of Defendant's improper denial on September 30, 2000, until May 3, 2005.  The Court does not believe this is inconsistent with the portion of the Opinion Defendant quotes.  In any event, even if this Court was persuaded that the Court of Appeal's Opinion was ambiguous–a result this Court does not reach–the portion of the Court's Opinion Defendant quotes is, at best, dicta as it is not contained in the pertinent analysis section where reinstatement of benefits is discussed, but rather under a section of the Court's Opinion addressing attorneys' fees. Moreover, Defendant's approach ignores the statements of law contained in the Court of Appeals' Opinion concerning an ERISA claimant: "if an administrator terminates continuing benefits as a result of arbitrary and capricious conduct, the claimant should continue receiving benefits until the administrator properly applies the Plan's provisions." *Id.* at 1221.  Defendant's argument ignores this

1  statement of law, as the reinstatement of benefits under Defendant's approach would not be
2  a *continuation* of the improperly terminated benefits.  Defendant urges the time period of
3  March 2004 until May 2005, but advocates that Plaintiff is not entitled to a reinstatement of
4  benefits for the period between 2000 and March 2004.  This approach ignores the Court of
5  Appeals' statement that, but for Defendant's failure to properly apply the terms of the Plan,
6  Plaintiff would have continued receiving benefits.  *Id.*

7  The clear directive given under the pertinent portion of the Court of Appeals' Opinion
8  sets forth a specific time frame wherein Plaintiff is entitled to a reinstatement of benefits.  As
9  such, this Court will apply the Court of Appeals' clear directive in awarding Plaintiff a
10 reinstatement of benefits, and not engage in an interpretation that ignores the plain language
11 of the Court of Appeals' Opinion.

12 Defendant next argues that Plaintiff "should be equitably estopped from recovering
13 benefits for the period from June 9, 2004 until December 6, 2004."  (Doc. 144 at p. 4.)
14 Defendant contends that because Plaintiff filed an appeal in 2004 that was later dismissed,
15 Plaintiff prevented this Court from being able to consider Defendant's Report Upon Remand
16 (Doc. # 77) during the pendency of Plaintiff's 2004 appeal because this Court was divested
17 of jurisdiction. However, Defendant's argument ignores the directive given by the Court of
18 Appeals.  The Court of Appeals held that Plaintiff is entitled to a reinstatement of benefits
19 from 2000 until May 2005.  The Court of Appeals had the entire record before it, and yet it
20 did not limit the time period Plaintiff is entitled to a reinstatement of benefits based upon
21 Plaintiff's 2004 appeal.  As articulated earlier, given the clear directive of the Court of
22 Appeal's Opinion, this Court is not at liberty to alter the time period pronounced by the Court
23 of Appeals.

24 ///
25 ///
26 ///
27 ///
28 ///

- 5 -

*Calculation of Benefits*

There is no dispute before this Court concerning the monthly benefit amount of $3,868.[2] According to the Court of Appeals directive, Plaintiff is entitled to a reinstatement of benefits from the time of Defendant's improper denial on September 30, 2000, until May 3, 2005. Thus, based upon the monthly benefit amount of $3,868, the Court finds that Plaintiff is entitled to a reinstatement of benefits in the amount of $213,243.25.[3]

*Prejudgment Interest*

Plaintiff requests an award of prejudgment interest on her reinstatement of benefits award. "A district court may award prejudgment interest on an award of ERISA benefits at its discretion." *Blankenship v. Liberty Life Assurance Co. of Boston,* 486 F.3d 620, 627 (9th Cir. 2007). "[I]nterest is not recovered according to a rigid theory of compensation for money withheld, but is given in response to considerations of fairness." *United States v. Pend Oreille County Pub. Util. Dist. No. 1*, 135 F.3d 602, 613 (9th Cir. 1998) (quoting *Bd. of Comm'rs of Jackson County v. United States,* 308 U.S. 343, 352 (1939)). "Among the factors to be considered in determining whether prejudgment interest should be awarded is the presence or absence of bad faith or ill will." *Landwehr v. DuPree*, 72 F.3d 726, 739 (9th Cir. 1995) (quotation marks omitted).

---

[2] In a footnote in Defendant's response, Defendant requests that this Court mandate that Plaintiff respond to Defendant's request for evidence of whether Plaintiff was receiving employer sponsored retirement benefits. Defendant raises what amounts to a discovery dispute over Plaintiff's failure to respond to Defendant's request. The deadline for discovery in this case has long passed, and there is nothing in the record before this Court demonstrating when Defendant made this request, nor is there anything in the record suggesting Plaintiff refused Defendant's request or that Defendant requested this Court to compel Plaintiff within the proper time frame for discovery. As such, this Court denies Defendant's request that the Court mandate Plaintiff to respond to Defendant's request.

[3] This figure is arrived at as follows: for the day of September 30, 2000, Plaintiff is entitled to a payment of $128.93 ($3,868 divided by 30 days); for the time period from October 1, 2000 through April 30, 2005, Plaintiff is entitled to 55 monthly payments of $3,868, or $ 212,740; for the time period of May 1, 2005 through May 3, 2005, Plaintiff is entitled to a payment of $374.32 ($3,868 divided by 31 days, multiplied by 3 days).

- 6 -

After balancing the equities, the Court declines to grant Plaintiff an award of prejudgment interest. There is no evidence in the record before this Court that Defendant acted in bad faith or ill will in terminating Plaintiff's disability benefits in 2000. Although Defendant is required to pay Plaintiff's reinstatement of benefits award, Defendant's determination that Plaintiff is not disabled under the terms of the Plan was ultimately upheld by this Court and the Court of Appeals. Defendant failed to determine the types of sedentary positions that Plaintiff was reasonably fitted based upon the Plan's criteria, but on remand from this Court, Defendant promptly complied with this Court's order to resolve its failure to properly apply the Plan. Moreover, contrary to Plaintiff's contention, Defendant is not encouraged to act arbitrarily and capriciously in  terminating benefits as a result of the Court's denial of Plaintiff's request for prejudgment interest. Even though Defendant's finding that Plaintiff is not disabled under the terms of the Plan was upheld, Defendant is nevertheless responsible for Plaintiff's reinstatement of benefits award in the amount of $213,243.25 because of Defendant's failure to properly adhere to the terms of the Plan. Given the amount of this award, it is unlikely that Defendant is encouraged to act arbitrarily in the future. For these reasons and based upon the Court's discretion, the Court declines to award Plaintiff prejudgment interest.

Accordingly,

**IT IS ORDERED** that Plaintiff Nancy J. Pannebecker's Motion for Summary Judgment Regarding Determination of Damages (Doc. # 142) is granted in part and denied in part; Plaintiff's motion is granted so far as she is entitled to a reinstatement of benefits award of $213,243.25; Plaintiff's request for prejudgment interest is denied.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment in favor of Plaintiff Nancy J. Pannebecker and against Defendant Liberty Life Assurance Company of Boston for $213,243.25, for the time period of September 30, 2000 through May 3, 2005; and that the Clerk of the Court shall enter judgment for Defendant Liberty Life Assurance Company of Boston, Plaintiff to take nothing, for the time period after May 3, 2005.

**IT IS FINALLY ORDERED** that either party may move for attorneys' fees as suggested by the Court of Appeals within the time limits and procedural methods outlined by the Civil Local Rules for the District of Arizona.

DATED this 18th day of May, 2009.

James A. Teilborg
United States District Judge