**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| NANCY J. PANNEBECKER, | ) | No. CV 01-0825-PHX-JAT |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, a foreign corporation, | ) ) ) ) | |
| Defendant. | ) ) ) | |

Pending before this Court is Plaintiff Nancy J. Pannebecker's Motion to Reconsider (Doc. # 153). Plaintiff seeks reconsideration of this Court's May 18, 2009 Order (Doc. # 147), wherein the Court denied Plaintiff's request for prejudgment interest. For the reasons that follow, the Court denies Plaintiff's motion.

Motions for reconsideration are disfavored and appropriate only if the court is presented with newly discovered evidence, if there is an intervening change in controlling law, or if the court committed clear error. *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir.1999) (per curiam). *See also Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993). It is not clear from Plaintiff's motion whether she is only contending that there has been an intervening change in controlling law, or also that the Court committed clear error. In either event, the Court does not find that there has been an

intervening change in controlling law or that the Court committed clear error in its May 18, 2009 Order.

In her Motion to Reconsider, Plaintiff directs the Court's attention to *Slupinski v. First Unum Life Insurance Co.*, 554 F.3d 38 (2nd Cir. 2009). The Court is unclear how a case in the Second Circuit Court of Appeals constitutes *controlling law* as required for a motion for reconsideration. Moreover, *Slupinski* was published in January 2009. This Court did not issue the Order that is the subject of Plaintiff's Motion to Reconsider until May 2009. If *Slupinski* is as important as Plaintiff suggests, the Court is likewise unclear why Plaintiff failed to file a supplemental citation of authority for the purpose of bringing *Slupinski* to the Court's attention, as opposed to waiting to do so in a motion for reconsideration. In any event, the Court has reviewed *Slupinski*, and *Slupinski* does not alter the analysis conducted by this Court in its May 18, 2009 Order.

In as much as Plaintiff's Motion to Reconsider can be construed to argue that the Court committed clear error in its May 18, 2009 Order, the Court disagrees. The Court weighed the equities as required. *Shaw v. Int'l Ass'n of Machinists & Aerospace Workers Pension Plan,* 750 F.2d 1458, 1465 (9th Cir. 1985). In doing so, the Court gave particular weight to the absence of bad faith or ill will on the part of Defendant, *Landwehr v. DuPree*, 72 F.3d 726, 739 (9th Cir. 1995),[1] and the absence of any motive on the part of Defendant to act arbitrarily in the future given the fact that Defendant is required to pay a reinstatement

---

[1] Plaintiff attempts to bootstrap bad faith or ill will on the part of Defendant by pointing to statements in the Court's May 18, 2009 Order and the Court's March 3, 2004 Findings of Fact and Conclusions of Law that Plaintiff asserts are inconsistent. The statements upon which Plaintiff relies, however, do not amount to inconsistencies. The fact that the Court was troubled by Defendant's initial reason to audit Plaintiff's claim does not translate into Defendant having terminated Plaintiff's claim out of bad faith or ill will. Likewise, the fact that the Court found that Defendant was operating under a conflict of interest does not necessarily equate to Defendant acting out of bad faith or ill will. More importantly, in her Motion to Reconsider, Plaintiff does not point to anything in the record before this Court that constitutes bad faith or ill will on the part of Defendant.

1 of benefits award in the amount of $213,243.25 despite Plaintiff not being disabled under the terms of the Plan. Such findings rest within the sound discretion of this Court, and the Court elects not to revisit them.

Lastly, Plaintiff argues that the Court committed manifest error in permitting Defendant to move for attorneys' fees as stated in the Court's October 22, 2008 Order, November 20, 2008 Order, and May 18, 2009 Order. In all three of these Orders, the Court simply indicated that upon entry of an amended judgment, either party may move for attorneys' fees as permitted by the Court of Appeals' Opinion. In none of the three Orders did the Court indicate that Defendant was *entitled* to receive its attorneys' fees. The Court was simply reserving judgment on the issue of attorneys' fees until after an amended judgment was entered. To do so is no error, let alone manifest error.

**IT IS ORDERED** that Plaintiff Nancy J. Pannebecker's Motion to Reconsider (Doc. # 153) is denied.

DATED this 9th day of June, 2009.

_____
James A. Teilborg
United States District Judge

- 3 -